IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION


JERRE BREWER, ADMINISTRATOR OF THE
ESTATE OF KYLE W. BREWER, DECEASED                    PLAINTIFF

V.                          CIVIL ACTION NO. 2:14-CV-95-KS-MTP

LIBERTY MUTUAL INSURANCE CO.
AND U.S. XPRESS ENTERPRISES, INC.                    DEFENDANTS

MEMORANDUM OPINION AND ORDER

For the reasons stated below, the Court **grants** Defendant's Motion for Summary Judgment (ECF No. "[37]").

I. BACKGROUND

This is a suit for bad faith denial of workers' compensation benefits brought by Kyle Brewer against his former employer, U.S. Xpress Enterprises, Inc. ("USX"), and its insurer, Liberty Mutual Insurance Company ("LM"). On or about October 16, 2011, Brewer purportedly sustained various injuries when the cabin of an eighteen-wheeler he was operating filled with smoke. *See* Am. Compl. [19] at 2. On December 12, 2011, Brewer filed a Petition to Controvert before the Mississippi Workers' Compensation Commission ("MWCC"). *See* Am. Compl. [19] at 10. On April 23, 2014, Brewer executed a General Release and Settlement of All Claims (the "Release") in favor of USX and LM. *See* Def.'s Mot. for Summ. J. Attach. 1 Ex. 3, [37-1]. On this same day, the MWCC entered an Order Granting Application for

Compromise Settlement. *See* Def.'s Mot. for Summ. J. Attach. 1 Ex. 2, [37-1].

On May 21, 2014, Brewer filed suit against LM in the Circuit Court of Forrest County, Mississippi alleging LM had committed intentional/negligent infliction of emotional distress and six counts of bad faith. Compl. [3 at ECF pp. 9-14]. On June 26, 2014, LM removed the proceeding to this court on the basis of diversity of citizenship jurisdiction under Title 28 U.S.C. § 1332. *See* Notice of Removal, [1].

On September 3, 2014, Kyle Brewer died. Jerre Brewer, the Administrator of the Estate of Kyle Brewer, was subsequently substituted as the Plaintiff in this action. *See* Order, [18]. On October 30, 2014, Plaintiff filed an amended complaint adding USX as a defendant in the suit. *See* Am. Compl. [19].

On January 13, 2015, LM filed its Motion for Summary Judgment. [37]. On January 21, 2015, USX joined in LM's Motion for Summary Judgment. *See* Def.'s Joinder in Mot. for Summ. J. [44]. Defendants contend summary judgment is due in their favor because the Release Brewer signed released and discharged any and all claims arising out of or in any way connected to Brewer's work accident. Plaintiff contends the Release is neither valid nor enforceable because it did not represent the settlement between the parties.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Initially, the movant has "the burden of demonstrating the absence of a genuine issue of material fact." *Cannata v. Catholic Diocese of Austin*, 700 F.3d 169, 172 (5th Cir. 2012) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). If the movant meets this burden, the nonmovant must go beyond the pleadings and point out specific facts showing the existence of a genuine issue for trial. *Id.* "'An issue is material if its resolution could affect the outcome of the action.'" *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010) (quoting *Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001)). "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (citation omitted).

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009) (citing *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007)). When deciding whether a genuine fact issue exists, "the court must view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra*

*Club, Inc.*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002) (citation omitted).

### III. DISCUSSION

The question presented by Defendant's Motion for Summary Judgment is whether the Release executed and signed by Brewer extinguished the claims at issue in this case. Generally, Mississippi courts favor settlements. *Chantey Music Publ'g, Inc. v. Malaco, Inc.*, 915 So.2d 1052, 1055 (Miss.2005). Furthermore, the Court "will enforce the agreement which the parties have made, absent any fraud, mistake, or overreaching." *Id.* Likewise, "the construction and enforcement of settlement agreements is governed by principles of state law applicable to contracts generally." *Smith v. N. Ins. Co. of N.Y.*, No. 5:14CV56, 2014 WL 6680611, at *2 (S.D. Miss. Nov. 25, 2014) (citing *Lee v. Hunt*, 631 F.2d 1171, 1173-74 (5th Cir. 1980)). In interpreting settlement agreements, Mississippi courts "have set out a three-tiered approach." *Tupelo Redevelopment Agency v. Abernathy*, 913 So.2d 278, 284 (Miss.2005).

> First, the "four corners" test is applied, wherein the reviewing court looks to the language that the parties used in expressing their agreement. Second, if the court is unable to translate a clear understanding of the parties' intent, the court should apply the discretionary canons of

> contract constructions. Finally, if the contract continues to evade clarity as to the parties' intent, the court should consider extrinsic or parol evidence. It is only when the review of a contract reaches this point that prior negotiations, agreements and conversations might be considered in determining the parties' intentions in the constructions of the contract.

*Id.* (citations omitted). Furthermore, "in a summary judgment case, the reviewing Court need not go through the entire three-step analysis . . . . If the reviewing Court finds the terms of the contract to be ambiguous or subject to more than one interpretation, the case must be submitted to the trier of fact, and summary judgment is not appropriate." *Epperson v. SOUTHBank*, 93 So.3d 10, 17 (Miss.2012).

The Defendants claim the ensuing language in the Release effected the release and discharge of Brewer's bad faith claim:

> [T]he undersigned, Kyle Brewer, does *hereby release, acquit, remise and forever discharge US Xpress Enterprises, Inc. and Liberty Mutual Insurance Company… from any and all claims*, demands, damages, liabilities, equities, and causes of actions of every kind and character, both known and unknown, legal and equitable, including those past and present, accruing or accrued to the undersigned, Kyle Brewer, *at any time prior to the signing of the General Release and Settlement of all Claims*, including those past and present, or future medical expenses or workers' compensation benefits, or any other damages *arising out of or in any way connected with any personal injuries* the undersigned, Kyle Brewer, claims to have sustained while employed by US Xpress Enterprises, Inc. or subsequent thereto, or while seeking benefits under the Mississippi Workers' Compensation Act for that injury *of October 16, 2011, or otherwise.*

Release [37-1 at ECF p. 11] (emphasis added).

-5-

Based on the language within the "four corners" of the Release, it is clear the claims brought by Brewer subsequent to signing the Release are barred. All of Brewer's claims against USX and LM arise out of or relate to the injuries Brewer purportedly sustained while he was employed by USX. But for those purported injuries, Brewer would have no cause of action against the Defendants for their alleged bad faith acts or omissions in handling Brewer's claim for workers' compensation benefits. The causes of action in the complaint unambiguously fall within the broad scope of the Release. *See Ward v. Royal Ins. Co.*, 662 F.Supp. 1079, 1081-82 (S.D. Miss. 1986) (holding that the release executed by the plaintiff in connection with the settlement of his workers' compensation claim barred his subsequent bad faith action), *aff'd,* 820 F.2d 1222 (5th Cir. 1987).

Plaintiff, like the plaintiff in *Smith*, 2014 WL 6680611, argues that the language of the settlement is ambiguous. Pl.'s Resp. in Opp'n to Defs.' Mot. for Summ. J., [48] at 7. The distinction between *Smith* and this case is that in *Smith* the "Plaintiff declined to execute the release as drafted by the Defendant. Before signing the release, he [Plaintiff] altered some of its terms, refusing to release Defendant from any claims except the claim for workers' compensation benefits." *Smith*, 2014 WL 6680611, at *1. Because the Plaintiff altered the release, the Court examined the language in the Application for Approval of Compromise Settlement. The Court then determined the

-6-

language in the Application was ambiguous. Here, the Plaintiff, without making any changes, signed the Release. Because Plaintiff signed the Release, the court determines whether its language is ambiguous, not the Application. As stated above, the language within the "four corners" of the Release has a clear and unambiguous meaning.

Plaintiff further relies on emails and certain documents filed in the underlying workers' compensation proceeding in arguing that the settlement did not encompass any bad faith claims. Such evidence should only be considered when the intent of the parties is unclear based on the language within the "four corners" of the parties' agreement. *Brothers v. Winstead*, 129 So.3d 906, 914 (Miss.2014). Because the Court finds the language of the Release to be clear and unambiguous, parol evidence need not be considered.

Plaintiff also argues that the Release is unenforceable because it encompasses claims beyond the jurisdiction of the MWCC. This is substantially similar to the argument before the Court in *Ward*, "that any release which purports in connection with a lump sum settlement of a workers' compensation claim, to discharge anything more than an employer's liability for workers' compensation benefits is invalid . . . ." *Ward*, 662 F.Supp. at 1082. The Court responded to this argument by stating:

> Neither statue prevents a party from discharging the workers' compensation carrier or from releasing claims other than claims for benefits under the Act. Moreover, nothing in the Workers' Compensation Act prohibits the release of the carrier for claims other than for compensation.

*Id.* at 1083. The reasoning in *Ward* applies here. Further, Brewer fails to cite any rule of contract law that renders a settlement agreement void merely because it resolves claims in one proceeding and additional claims capable of being filed in a separate proceeding.

Because the language in the Release clearly and unambiguously discharges and releases Defendants from any and all claims relating to or arising out of the work accident, the bad faith and emotional distress claims brought by Plaintiff in this case are barred.

## IV. CONCLUSION

For the reasons stated above, the Court **grants** Defendant's Motion for Summary Judgment [37]. The Court will issue a separate final judgment in accordance with Federal Rule of Civil Procedure 58. All other pending motions are denied as moot.

SO ORDERED this the 9th day of June, 2015.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE